LEWIS BRISBOIS BISGAARD & SMITH LLP
JON P. KARDASSAKIS, SB# 90602
  E-Mail: Jon.Kardassakis@lewisbrisbois.com
MICHAEL K. GRIMALDI, SB# 280939
  E-Mail: Michael.Grimaldi@lewisbrisbois.com
DAVID ARTSVELIAN, SB# 338733
  E-Mail: David.Artsvelian@lewisbrisbois.com
633 West 5th Street, Suite 4000
Los Angeles, California 90071
Telephone: 213.250.1800
Facsimile: 213.250.7900

Attorneys for Defendant,
California Pizza Kitchen, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVIVA KIRSTEN and JEREMY PITTMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>CALIFORNIA PIZZA KITCHEN, INC.,<br><br>Defendant. | Case No. 2:21-CV-09578-DOC (KESx)<br><br>Hon. David O. Carter<br><br>**DEFENDANT CALIFORNIA PIZZA KITCHEN, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT**<br><br>Concurrently filed with Request for Judicial Notice<br><br>Date: Monday, March 28, 2022<br>Time: 8:30 a.m.<br>Ctrm: 9D |

1

2

### NOTICE OF MOTION TO DISMISS

3    **Please Take Notice** that on Monday, March 28, 2022, or as soon thereafter as

4  the matter may be heard, Defendant California Pizza Kitchen ("CPK") will, and

5  hereby does, move for an order dismissing Plaintiff Aviva Kirsten's and Jeremy

6  Pittman's Class Action Complaint. The Motion is made on the grounds that, under

7  Federal Rule of Civil Procedure 12(b)(1), Plaintiffs have failed to allege an injury

8  sufficient to establish standing under Article III of the United States Constitution.

9  This Motion is further made on the grounds that, under Federal Rule of Civil

10  Procedure 12(b)(6), Plaintiffs have failed to state a claim upon which relief can be

11  granted for any cause of action alleged in their Class Action Complaint.

12    This motion is made following the conference of counsel pursuant to L.R. 7-3,

13  which took place on January 31, 2022. The parties discussed in detail the basis for

14  CPK's intended Motion to Dismiss.

15    This Motion is based on this Notice, the Memorandum of Points and

16  Authorities, the Request for Judicial Notice, and all other facts the Court may or

17  should take notice of, all files, records, and proceedings in this case, and any oral

18  argument the Court may entertain.

19

20  DATE:  February 7, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

21

22                            *Michael Grimaldi*

                     By: _____
23
                           JON P. KARDASSAKIS
24                         MICHAEL K. GRIMALDI
                           Attorneys for Defendant
25                         California Pizza Kitchen, Inc.

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

# **TABLE OF CONTENTS**

I. Introduction ........................................................................................... 1

II. Statement of Relevant Facts .................................................................. 2

III. Plaintiffs Facially Lack Article III Standing for Failing to Plausibly Allege a Concrete Injury (FRCP 12(b)(1)). ......................................... 3

    A. The Mere Occurrence of a Security Incident Does Not Constitute Concrete Injury. ......................................................................... 3

    B. Plaintiffs Have Not Alleged an Imminent or Certainly Impending Risk of Future Harm. ................................................................. 4

    C. Plaintiffs Have Not Alleged Actual or Concrete Harm. ................ 6

IV. Plaintiffs' Negligence Claim Must Be Dismissed for Failure to State a Claim. ............................................................................................... 9

    A. The Economic Loss Rule Bars the Negligence Claim. .................. 9

    B. Plaintiffs Fail to Establish CPK Owed Them a Duty of Care or a Duty of Care Under a Federal Consumer Statute. ....................... 10

    C. Plaintiffs Fail to Allege an Injury Proximately Caused by a Breach. ...................................................................................... 11

V. Negligence Per Se Is Not a Recognized Claim in California. .............. 12

VI. Plaintiffs Invasion of Privacy Claim Must Be Dismissed for Failure to State a Claim ......................................................................................... 12

VII. Plaintiffs' Breach of Implied-Contract Claim Must Be Dismissed for Failure to State a Claim. ........................................................................ 14

VIII. Plaintiffs Lack Standing to Assert Nationwide Class Claims. ............. 16

IX. Plaintiffs' "Sixth Cause Of Action Violation of State Data Breach Laws" Is Not a Cognizable Claim and Must Be Stricken. .................... 17

X. Plaintiffs Customer Records Act Claim Fails. ..................................... 18

    A. Plaintiffs Are Not "Customers" and Have No CRA Standing Claim. ......................................................................................... 18

    B. Plaintiffs Have Not Plausibly Alleged an "Unreasonable Delay." ....... 18

    C. Plaintiffs Have Not Plausibly Alleged a Failure to Implement "Reasonable Security Procedures." ............................................. 18

XI. Plaintiffs California Consumer Privacy Act (CCPA) Claim Fails ........ 19

XII. Plaintiffs' UCL Claim Fails for Numerous Reasons ............................ 20

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

A.   Plaintiffs' Have not Alleged Any Economic Injury as a Result of CPK's Conduct to Satisfy the UCL's Standing Requirement. ............ 20

B.   Plaintiffs Have Not and Could Never Allege a UCL Fraudulent Prong Claim Because CPK Was the Victim of the Attack. ................. 21

C.   Plaintiffs Have Not Adequately Alleged a Claim Under the UCL Unlawful Prong. ..................................................................... 22

D.   Plaintiffs' UCL Unfair-Prong Claim Is Devoid of Supporting Facts. .......................................................................................... 23

E.   Plaintiffs Have Not Plausibly Alleged Facts Showing a Lack of an Adequate Legal Remedy. ................................................... 24

XIII.   Declaratory Relief Is Not a Claim and Should Be Dismissed. ...................... 25

XIV.   Conclusion .......................................................................................... 25

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

# TABLE OF AUTHORITIES

**Federal Cases**

*In re Adobe Sys. Privacy Litig.*,
   66 F. Supp. 3d 1197 (N.D. Cal. 2014) ................................................................8

*In re Ambry Genetics Data Breach Litig.*,
   2021 U.S. Dist. LEXIS 204358 (C.D. Cal. Oct. 18, 2021) ........................ 14, 24

*Anderson v. Kimpton Hotel & Rest. Grp., LLC*,
   19-CV-01860-MMC, 2019 WL 3753308 (N.D. Cal. Aug. 8, 2019) ............... 19

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ..........................................................................................8

*Atl. Ref. Co. v. F.T.C.*,
   381 U.S. 357 (1965) ........................................................................................11

*Azimpour v. Sears, Roebuck & Co.*,
   2017 U.S. Dist. LEXIS 63516 (S.D. Cal. Apr. 26, 2017) ................................17

*Beck v. McDonald*,
   848 F.3d 262 (4th Cir. 2017) .............................................................................6

*BMA LLC v. HDR Ltd.*,
   2021 U.S. Dist. LEXIS 169327 (N.D. Cal. Sep. 7, 2021)................................23

*In re Carrier IQ, Inc., Consumer Privacy Litig.*,
   78 F. Supp. 3d 1051 (N.D. Cal. 2015)..............................................................17

*Castillo v. Seagate Tech., LLC*,
   2016 U.S. Dist. LEXIS 187428 (N.D. Cal. Sep. 14, 2016)..............................10

*Cmty. Bank of Trenton v. Schnuck Mkts., Inc.*,
   210 F. Supp. 3d 1022 (S.D. Ill. 2016) ..............................................................11

*Daniel v. Ford Motor Co.*,
   806 F.3d 1217 (9th Cir. 2015)..........................................................................22

*Davis v. HSBC Bank*,
   691 F.3d 1152 (9th Cir. 2012) .........................................................................24

*Doe v. Beard*,
   63 F. Supp. 3d 1159 (C.D. Cal. 2014)..............................................................13

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*Dugas v. Starwood Hotels Inc.*,
  2016 U.S. Dist. LEXIS 152838 (S.D. Cal., Nov. 3, 2016)...........................10, 20

*In re Facebook Privacy Litig.*,
  791 F. Supp. 2d 705 (N.D. Cal. 2011), aff'd 572 F. App'x 494 (9th
  Cir. 2014)....................................................................................................20

*Fero v. Excellus Health Plan, Inc.*,
  236 F. Supp. 3d 735 (W.D.N.Y. 2017) ................................................7, 8

*Frezza v. Google, Inc.*,
  2012 U.S. Dist. LEXIS 166003 (N.D. Cal. Nov. 20, 2012).........................15

*Glenwood Sys. v. Thirugnanam*,
  2012 U.S. Dist. LEXIS 208284 (C.D. Cal. May 15, 2012).............................22

*Gonzalez v. Sallie Mae Bank*,
  2019 U.S. Dist. LEXIS 157007 (S.D. Cal., Sept. 12, 2019) ...........................25

*In re Google Privacy Policy Litig.*,
  2015 U.S. Dist. LEXIS 92736 (N.D. Cal. July 15, 2015) ..................................8

*Griffey v. Magellan Health Inc.*,
  2021 U.S. Dist. LEXIS 184591 (D. Ariz. Sep. 27, 2021) ...............................19

*Hadley v. Kellogg Sales Co.*,
  243 F. Supp. 3d 1074 (N.D. Cal. 2017).........................................................23

*In re iPhone Application Litig.*,
  844 F. Supp. 2d at 1063 ...............................................................................13

*In re iPhone Litig.*,
  844 F. Supp. 2d at 1063 ...............................................................................13

*Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys.*,
  315 F. App'x 603 (9th Cir. 2008)..............................................................9, 10

*Kearns v. Ford Motor Co.*,
  567 F.3d 1120 (9th Cir. 2009) ......................................................................21

*Khan v. Children's Nat'l Health Sys.*,
  188 F. Supp. 3d 524 (D. Md. 2016) ................................................................6

*Kho v. Wells Fargo & Co.*,
  2012 U.S. Dist. LEXIS 110957 (C.D. Cal. Aug. 6, 2012) ...............................25

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

iv

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

*Legg v. Leaders Life Ins. Co.*,
 2021 U.S. Dist. LEXIS 232833 (W.D. Okla. Oct. 1, 2021) ................................. 6

*Levitt v. Yelp! Inc.*,
 765 F.3d 1123 1136-37 (9th Cir. 2014) ............................................................. 24

*Lovell v. P.F. Chang's China Bistro, Inc.*,
 2015 U.S. Dist. LEXIS 112101 (W.D. Wash. Mar. 27, 2015) .......................... 15

*Low v. LinkedIn Corp.*,
 900 F. Supp. 2d 1010 (N.D. Cal. 2012) ............................................................. 12

*Maag v. United States Bank*,
 2021 U.S. Dist. LEXIS 233009 (S.D. Cal. Apr. 8, 2021) .................................. 19

*Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*,
 2021 U.S. App. LEXIS 34056 (2d Cir. Nov. 17, 2021) ...................................... 7

*Mastel v. Miniclip*,
 2021 U.S. Dist. LEXIS 132401 (E.D. Cal. July 14, 2021) ................................. 20

*Mazza v. Am. Honda Motor Co., Inc.*,
 666 F.3d 581 (9th Cir. 2012) ...................................................................... 11, 18

*McMorris v. Carlos Lopez & Assocs., LLC*,
 995 F.3d 295 (2d Cir. 2021) ........................................................................... 6, 7

*Mesa v. Am. Gen. Life Ins. Co.*,
 2020 U.S. Dist. LEXIS 12002 (E.D. Cal. Jan. 22, 2020) .................................. 25

*Mullinix v. Fertility*,
 2021 U.S. Dist. LEXIS 206779 (C.D. Cal. Apr. 21, 2021) ................................ 12

*Muransky v. Godiva Chocolatier, Inc.*,
 979 F.3d 917 (11th Cir. 2020) ............................................................................ 7

*Nelson v. Am. Home Mortg. Servicing Inc.*,
 2010 U.S. Dist. LEXIS 88653 (C.D. Cal. July 29, 2020) .................................. 23

*Northstar Advisors Inc. v. Schwab Investments*,
 779 F.3d 1036 (9th Cir. 2015) ........................................................................... 15

*O'Donnell v. Bank of Am. N.A.*,
 504 Fed. App'x 566 (9th Cir. 2013) ................................................................... 23

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*In re Packaged Seafood Prods. Antitrust Litig.*,
   242 F. Supp. 3d 1033 (S.D. Cal. 2017) ............................................................ 16

*Patterson v. RW Direct, Inc.*,
   382 F. Supp. 3d 938 (N.D. Cal. 2019) .............................................................. 24

*Pena v. British Airways, PLC (UK)*,
   2020 U.S. Dist. LEXIS 60361 (E.D.N.Y .Mar. 30, 2020) ................................. 8

*In re Practicefirst Data Breach Litig.*,
   2022 U.S. Dist. LEXIS 19272 (W.D.N.Y. Feb. 1, 2022) ............................... 1, 9

*Pruchnicki v. Envision Healthcare Corp.*,
   845 F. App'x 613 (9th Cir. 2021) .................................................................... 4, 8

*Quintero v. Metro Santurce, Inc.*,
   2021 U.S. Dist. LEXIS 237071 (D. PR Dec. 9, 2021) ...................................... 5

*Razuki v. Caliber Home Loans, Inc.*,
   2018 U.S. Dist. LEXIS 196070 ........................................................................ 23

*Razuki v. Caliber Home Loans, Inc.*,
   2018 U.S. Dist. LEXIS 96973 (S.D. Cal. Jun. 8, 2018) .............................. 13, 19

*Reilly v. Ceridian Corp.*,
   664 F.3d 38 (3d Cir. 2011) ............................................................................. 5, 7

*Reyes v. Nationstar Mortg. LLC*,
   2015 U.S. Dist. LEXIS 99201 (N.D. Cal. July 28, 2015) ................................ 25

*Rosendahl v. Bridgeport Educ., Inc.*,
   2011 U.S. Dist. LEXIS 119735 (S.D. Cal., Oct. 17, 2011) .......................... 14, 15

*Schertzer v. Bank of Am., N.A.*,
   445 F. Supp. 3d 1058 (S.D. Cal. 2020) ............................................................ 16

*Schmitt v. SN Servicing Corp.*,
   2021 U.S. Dist. LEXIS 149252 (N.D. Cal. Aug. 9, 2021) .......................... 13, 23

*Seaton v. Mayberg*,
   610 F.3d 530 (9th Cir. 2010) ........................................................................... 23

*Silver v. Stripe Inc.*,
   2021 U.S. Dist. LEXIS 141090 (N.D. Cal. July 28, 2021) .............................. 23

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

vi

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

*Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*,
    2012 U.S. Dist. LEXIS 201805 (C.D. Cal. Apr. 4, 2012) .................................. 24

*Skelly Oil Co. v Phillips Petroleum Co.*,
    339 U.S. 667 (1950) ........................................................................................ 25

*In re Solara Data Sec. Breach Litig.*,
    2020 U.S. Dist. LEXIS 80736 (S.D. Cal. May 7, 2020) .................................. 12

*Somerville v. Medtronic, Inc.*,
    2021 U.S. Dist. LEXIS 245439 (C.D. Cal. Aug. 19, 2021) .............................. 12

*Sonner v. Premier Nutrition Corp.*,
    971 F.3d 834 (9th Cir. 2020) .......................................................................... 24

*In re Sony Data Sec. Breach Litig.*,
    996 F. Supp. 2d 942 (S.D. Cal. 2014) .............................................. 8, 18, 21, 22

*In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*,
    903 F. Supp. 2d 942 (S.D. Cal. Oct. 11, 2012) ....................................... 9, 10, 22

*Spokeo, Inc. v. Robins*,
    578 U.S. 330 (2016) ........................................................................................... 3

*Stewart v. Kodiak Cakes, LLC*,
    537 F. Supp. 3d 1103 (S.D. Cal. 2021) ........................................................... 17

*Storm v Paytime, Inc.*,
    90 F. Supp 3d 359 (M.D. Pa. 2015) ................................................................... 1

*In re SuperValu, Inc.*,
    925 F.3d 955 (8th Cir. 2019) .......................................................................... 11

*Swafford v. IBM*,
    383 F. Supp. 3d 916 (N.D. Cal. 2019) ............................................................. 17

*Travis v. Assured Imaging LLC*,
    2021 U.S Dist. LEXIS 89129 (D. AZ May 10, 2021) ........................................ 5

*Tsao v. Captiva MVP Rest. Partners, LLC*,
    986 F.3d 1332 (11th Cir. 2021) .............................................................. 3, 6, 7

*Veridian Credit Union v. Eddie Bauer, LLC*,
    295 F. Supp. 3d 1140 (W.D. Wash. Nov. 9, 2017) .......................................... 11

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*In re Yahoo! Inc. Data Sec. Breach Litig.*,
   2017 U.S. Dist. LEXIS 140212 (N.D. Cal. Aug. 30, 2017) ......................... 20, 21

**State Cases**

*Aas v. Sup. Ct.*,
   24 Cal. 4th 627 (2000) ........................................................................ 9

*Archer v. United Rentals, Inc.*,
   195 Cal. App. 4th 807 (2d Dist. 2011) ............................................... 20

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Co.*,
   20 Cal. 4th 163 (1999) ...................................................................... 24

*Hill v. Nat'l Collegiate Athletic Assn.*,
   7 Cal. 4th 1, 26 Cal. Rptr. 2d 834, 865 P.2d 633 (1994) ............... 12, 13

*J'Aire Corp. v. Gregory*,
   24 Cal. 3d 799 (1979) ........................................................................ 9

*Jolley v. Chase Home Finance, LLC*,
   213 Cal. App. 4th 872 (2013) ........................................................... 24

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) ...................................................................... 20

*Lance Camper Mfg. Corp. v. Republic Indem. Co.*,
   44 Cal. App. 4th 194 (1996) ............................................................. 15

*N. Am. Chem. Co. v. Super. Ct.*,
   59 Cal. App. 4th 764 (1997) ............................................................... 9

*Paz v. State of Cal.*,
   22 Cal. 4th 550 (2000) ........................................................................ 9

*Sutter Health v. Superior Ct.*,
   227 Cal. App. 4th 1546 (2014) ......................................................... 14

*Wallace v. Health Quest Sys.*,
   2021 U.S. Dist. LEXIS 54557 (S.D.N.Y. Mar. 22, 2021) ...................... 8

**Statutes**

15 U.S.C. § 45(a)(1) ................................................................................ 11

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

28 U.S.C. § 2201(a) ................................................................................ 25

Cal. Bus. & Prof. Code § 17200 et seq. .................................................. 1

Cal. Civ. Code 1798.80(c) ..................................................................... 18

Cal. Civ. Code 1798.150(c) ................................................................... 23

Cal. Civ. Code § 1798.82(a) .................................................................. 18

Cal Civ Code § 1798.84(b) .................................................................... 18

Cal. Civ. Code § 1798.150(a)(1) ........................................................... 19

Cal. Consumer Privacy Act (Cal. Civ. Code § 1798.100 et seq.) ............ 1

California Consumer Privacy Act............................................................ 18

Consumer Records Act (Cal. Civ. Code § 1798.80 et seq.) ..................... 1

Customer Records Act ........................................................................... 18

Federal Declaratory Judgment Act ........................................................ 25

Federal Trade Commission Act § A ....................................................... 11

**Court Rules**

Federal Rule of Civil Procedure 9(b) ..................................................... 21

FRCP 8 and 10 ...................................................................................... 17

FRCP 12(ʙ)(1) .......................................................................................... 3

Rule 10 .................................................................................................. 18

**Treatises**

Restatement 2d of Contracts § 73 .......................................................... 16

Restatement (Second) of Torts § 652B (1977)........................................ 13

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

# I. INTRODUCTION

This is a no-injury class action filed after California Pizza Kitchen, Inc. ("CPK") gave the required statutory notice of a data-security event when it was the victim of criminal hackers. This case arises from a ransomware attack. American businesses face an onslaught of criminal attackers trying to take over their computer systems. A federal judge over seven years ago noted "[t]here are only two types of companies left in the United States, according to data security experts: those that have been hacked and those that don't know they've been hacked." *Storm v Paytime, Inc.*, 90 F. Supp 3d 359, 360 (M.D. Pa. 2015). As illustrated by the references in plaintiffs' Complaint, the prevalence of data-security events has only increased since then. Now after nearly every notice of a data incident comes a lawsuit claiming some future injury could happen. Plaintiffs follow this formula[1]. The problem for Plaintiffs is that they have no concrete injury for standing, and no cognizable damages to support their claims.

The mere allegation that a data-security event occurred does not mean that Plaintiffs have a cause of action in a federal court. Courts are taking a rigorous look at the issues of injury and standing in data-security litigation, especially after the U.S. Supreme Court's *TransUnion* decision, and dismissing suits where, as here, there is a lack of concrete injury. In a recent analogous case, a magistrate judge dismissed a similar ransomware case, concluding that just because information may have been accessed, this does not mean it caused concrete harm. *In re Practicefirst Data Breach Litig.*, 2022 U.S. Dist. LEXIS 19272, at *27-28 (W.D.N.Y. Feb. 1, 2022) ("*Practicefirst*"). Months have passed here since the data security incident giving rise

---

[1] They bring claims for Negligence, Negligence Per Se, Invasion of Privacy, Breach of Implied Contract, statutory claims based on violations of the Unfair Competition law (Cal. Bus. & Prof. Code § 17200 *et seq.*), "various State Data Breach Laws," the Consumer Records Act (Cal. Civ. Code §1798.80 *et seq.*), the Cal. Consumer Privacy Act (Cal. Civ. Code § 1798.100 *et seq.*), and a claim for Declaratory Relief.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

1

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

to this action. The complaint is devoid of allegations that Plaintiffs, or any putative class members, have experienced any type of misuse/fraud because of this data security incident, or even that attempts have been made to use their personal information for nefarious purposes.

Not every data-security event should be a cause to file a federal class action. The lack of concrete injury required for standing, as well as Plaintiffs' failure to plausibly allege facts, means that all the claims must be dismissed.

## II.    STATEMENT OF RELEVANT FACTS

Plaintiffs Aviva Kirsten and Jeremy Pittman are residents of California and former employees of CPK. Compl. ¶¶ 7-8. They received letters from CPK advising of "a disruption to certain systems in [CPK's] computing environment" in which "certain files on CPK's systems had been subject to unauthorized access." Compl. ¶ 17.  CPK stated there was "no indication that your specific information was accessed or misused." RJN Ex. 1

CPK's letter explained that CPK was providing a free identity-theft and fraud-detection service called "Experian's IdentityWorks." RJN Ex. 1 (noting this "product provides you with superior identity detection and resolution of identity theft"). This free service provided the following features: Experian credit report at signup, Credit Monitoring, Identity Restoration, Experian IdentityWorks ExtendCARE, and critically "up to $1 Million Identity Theft Insurance." *Id.* No plaintiff alleges they signed up for this free identity-theft protection service or made a claim on their free insurance.

Neither plaintiff alleges facts that they have suffered unauthorized use of any of their information, identity theft, fraud, or economic harm. They do not allege any instance of identity theft or misuse for *other* putative class members. Neither plaintiff plausibly alleges facts that they have expended time or money because of the security incident. Neither Plaintiff allege any impact to their credit.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

2

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

**III.   PLAINTIFFS FACIALLY LACK ARTICLE III STANDING FOR FAILING TO PLAUSIBLY ALLEGE A CONCRETE INJURY (FRCP 12(B)(1)).**

### A.   The Mere Occurrence of a Security Incident Does Not Constitute Concrete Injury.

Given the prevalence of bad actors and security threats, courts have made clear that "Evidence of a mere data breach does not, standing alone, satisfy the requirements of Article III standing." *Tsao v. Captiva MVP Rest. Partners, LLC*, 986 F.3d 1332, 1344 (11th Cir. 2021). To establish Article III standing, a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). "Concrete" injuries must be "actual or imminent, not conjectural or hypothetical." *Id.* at 340.

In the recent decision of *TransUnion v. Ramirez,* the Supreme Court *further narrowed Article III standing requirements*, holding that plaintiffs cannot establish an injury-in-fact for standing by relying entirely on a risk of future harm. *TransUnion*, 141 S. Ct. at 2190. The Supreme Court instructed that, "in a suit for damages the *mere risk of future harm, standing alone, cannot qualify as concrete harm*—at least unless the exposure to the risk of future harm itself causes a separate concrete harm." *Id.* at 2210-11. Stated simply, "[n]o concrete harm, no standing." *Id.* at 2200. Likewise, in *Clapper v. Amnesty International*, the Supreme Court made clear that "allegations of possible future injury" or even an "objectively reasonable likelihood" of future injury are insufficient to confer standing. 568 U.S. 398, 408-409 (2013). A future injury constitutes an Article III injury-in-fact only "if the threatened injury is certainly impending." *Id*. (plaintiffs may not rely on "a highly attenuated chain or possibilities" or "speculative chain of events" to establish standing).

*TransUnion* and *Clapper* instruct that to establish Article Ill standing in a suit for damages, a plaintiff must allege both a risk of future harm that is "actual and imminent" or "certainly impending" as well as a *separate, concrete harm* that was

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

3

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

caused by exposure to the imminent risk and is proportional to the actual likelihood of the future harm occurring. The Supreme Court has made clear that allegations of a concrete harm that are tied to speculative or possible future injury are insufficient because plaintiffs "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending." *Clapper*, 568 U.S. at 416. So too here.

### B.   Plaintiffs Have Not Alleged an Imminent or Certainly Impending Risk of Future Harm.

Plaintiffs' theory of injury rests on speculation. They claim injury on the basis of "*future* costs in terms of time, effort and money that will be spent trying to prevent, detect, contest and repair the effects of the PII compromised as a result of the Data Breach" and "continued risks to their PII, which … *may be* subject to further breaches." Compl. ¶ 82 (emphasis added). No actual harm has happened. They assert they face "a substantially increased risk of identity theft" and will suffer "lost time and money to remediate the effects of the data breach, including increased risk faced." Compl. ¶ 91. "Mere misappropriation of personal information" does not establish injury. *Pruchnicki v. Envision Healthcare Corp.*, 845 F. App'x 613, 615 (9th Cir. 2021).

Plaintiffs allege their fact-free contention that they suffered "out-of-pocket costs associated with the prevention, detection and recovery from identity theft and/or unauthorized use of financial and medical accounts," and "lost opportunity costs associated with their efforts expended." Compl. ¶ 81. They fail to allege any plausible facts beyond this contention. They allege they were injured by "compromise, publication, and/or theft" of their PII. Compl. ¶ 82. They provide no facts as to how this injured them. *Pruchnicki*, 845 F. App'x at 615.  Plaintiffs fail to allege a plausible "concrete injury" under *TransUnion*.

This ransomware case is analogous to *Graham v. Universal Health Serv.*, where the court refused to confer standing to plaintiffs based on their alleged

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

4

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

increased risk of identity theft following exposure of their confidential information in a ransomware attack, since it was "purely speculative" that hackers intended to use plaintiffs' data for any future criminal acts beyond the initial ransomware attack. 2021 U.S. Dist. LEXIS 93075 (E.D. Pa. May 17, 2021) (noting the "target of a ransomware attack is the holder of the confidential data; the misappropriation of the data, whether by theft or merely limitation on access to it, is generally the means to an end: extorting payment").[2] Likewise, the complaint here does not allege facts showing a targeted attempt or clear intent to obtain Plaintiffs' confidential information for its future misuse, weights against finding standing.

Numerous circuit and district courts have declined to grant standing based on an imminent risk of future identity theft under analogous facts where, as here, plaintiffs could not show either *their* data or the data of *others* was actually misused.[3]

---

[2] *See also Quintero v. Metro Santure, Inc.*, 2021 U.S. Dist. LEXIS 237071 (D. PR Dec. 9, 2021) (motion to dismiss granted for lack of Article Ill standing where class action complaint alleged only a "garden-variety ransomware attack" and "there [were] no sufficiently pleaded allegations of a motive to seal the PII for identity theft or fraud."); *Travis v. Assured Imaging LLC*, 2021 U.S Dist. LEXIS 89129 (D. AZ May 10, 2021) (motion to dismiss class action complaint based on data breach granted for lack of standing, in part because allegations of a ransomware attack did not indicate that data was taken in a "manner that suggests it will be misused.").

[3] *See e.g., Reilly v. Ceridian Corp.*, 664 F.3d 38, 40 (3d Cir. 2011) (dismissing case at pleadings stage: "In data breach cases where no misuse is alleged...there has been no injury" and any damages that may occur are "entirely speculative and dependent on the skill and intent of the hacker."); *Alleruzzo v. SuperValu*, Inc., 870 F.3d 763, 766 (8th Cir. 2017) (dismissing plaintiffs for lack of standing at pleadings stage because allegations that "illicit websites are selling their [credit card information] to counterfeiters and fraudsters" were speculative and failed to allege injury); *Tsao, LLC*, 986 F.3d at 1332 (dismissal for lack of standing because conclusory allegation of a continuing risk of identity theft "without specific evidence of some misuse of class members' data "does not establish a concrete injury."); *Beck v. McDonald*, 848 F.3d 262, 273-76 (4th Cir. 2017) ("mere theft" of plaintiff's data, without more, required consideration of the "attenuated chain of possibilities" rejected by *Clapper* and "this theory of harm was simply 'too speculative' to constitute an injury in (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20
5
CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

In short, Plaintiffs try to "string together a lengthy chain of possibilities resulting in injury." *Clapper*, 568 U.S. at 410. The fact there was an attack on CPK "by itself, does not demonstrate that [plaintiffs are] at a substantial risk of future identity theft of fraud." *McMorris v. Carlos Lopez & Assocs., LLC*, 995 F.3d 295, 303 (2d Cir. 2021).

### C.   Plaintiffs Have Not Alleged Actual or Concrete Harm.

A review of the complaint shows Plaintiffs filed suit without having any harm. Instead, they provide a list of vague-and-conclusory injury theories that courts reject:

*Plaintiffs Cannot Manufacture Injury by Inflicting Injury on Themselves*.

Plaintiffs did not sign up for the free identity-theft protection service CPK offered. They confusingly appear to argue they took other steps. Courts find "where plaintiffs have not alleged a substantial risk of future identity theft, the time they spent protecting themselves against this speculative threat cannot create an injury." *McMorris*, 995 F.3d at 303. *See also Fero v. Excellus Health Plan, Inc.*, 236 F. Supp. 3d 735, 753 (W.D.N.Y. 2017) ("This rule from *Clapper* has been applied in the data breach context, such that courts have concluded that mitigation efforts following a data breach do not confer standing where the alleged harm is not imminent.")

Plaintiffs fail to allege an imminent risk of harm—there are no plausible facts of alleged data misuse. This is not like a W-2 tax-return case where the hackers steal

_____

fact'"); *Khan v. Children's Nat'l Health Sys.*, 188 F. Supp. 3d 524, 531 (D. Md. 2016) ("In the absence of specific incidents of the use of stolen data for identity fraud purposes, district courts have generally found that the increased risk of identity theft does not confer standing,"); *Legg v. Leaders Life Ins. Co.*, 2021 U.S. Dist. LEXIS 232833 (W.D. Okla. Oct. 1, 2021) (dismissing a data breach class action for lack of standing where plaintiffs' allegations, at best, "lead to a plausible inference that at some unknown time in the future, some of the putative class members may be the victim of identity theft or fraud [and] even accepting as true plaintiffs allegations about the nature of the breach, that it was an attack by cybercriminals—plaintiff only pleads facts showing there is a non-imminent risk of possible future injury following the data breach.").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

6

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

the tax returns and file false tax returns. Any argument Plaintiffs conjure can get around the fact that cannot manufacture a concrete injury where there is no imminent or substantial risk of harm. They "cannot conjure standing here by inflicting injuries on himself to avoid an insubstantial, non-imminent risk of identity theft." *Tsao*, 986 F.3d at 1344.[4]

   *Plaintiffs' Fail to Allege a Concrete or Actual Injury Based on a Diminution in Value of Their Information*. Plaintiffs' next contention is that they suffered "diminution of value and the use of their PII." Compl. ¶ 82. The complaint contains general-and-conclusory allegations that PII/PHI is a "crucial  commodity" on the "cyber black-market." ¶ 31. Plaintiffs do not allege they attempted to sell their PII and were forced to accept a decreased price, nor do they allege any details as to how their specific PII has been devalued because of this incident. Courts reject this theory: "Mere misappropriation of personal information without a resultant economic harm—for example in the form of being deprived of the ability to monetize that information—is neither damage nor injury-in-fact." *In re Google Privacy Policy Litig.*, 2015 U.S. Dist. LEXIS 92736, at *17 n.63 (N.D. Cal. July 15, 2015); *Pruchnicki*, 845 F. App'x at 615 (holding plaintiff failed to establish an injury where she "failed to adequately allege that *her* personal information actually lost value.").[5]

---

[4] *See also Maddox v. Bank of N.Y. Mellon Tr. Co., N.A.*, 2021 U.S. App. LEXIS 34056 at *15-18 (2d Cir. Nov. 17, 2021) (emotional distress or actions taken to prevent a risk that were "wholly incommensurate with the stimulant" are not enough to establish standing); *Muransky v. Godiva Chocolatier, Inc.*, 979 F.3d 917, 931 (11th Cir. 2020) (mitigation costs are insufficient to confer standing where there is no substantial risk of identity theft, and plaintiffs "assertion of wasted time and effort necessarily rose or fell alone with the Court's determination of whether there was substantial risk of harm."); *Reilly*, 664 F.3d at 38 ("costs incurred to watch for a speculative chain of future events based on hypothetical future criminal acts are no more 'actual' injuries than the alleged 'increased risk of injury'.").

[5] *See also Wallace v. Health Quest Sys.*, 2021 U.S. Dist. LEXIS 54557 at *21 (S.D.N.Y. Mar. 22, 2021) (no injury where plaintiffs provided only speculative (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20
7
CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

1   Plaintiffs' throw-in theory amounts to "naked assertions devoid of further factual

2   enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

3       *Plaintiffs' Notification Delay Theory Fails to Allege a Concrete Injury*. The

4   complaint alleges CPK failed to timely notify about the security incident. Compl. ¶

5   36, 37, 43, 73, 105, 109, 147.  The letter provided to Plaintiffs states CPK learned of

6   the issues on September 15, 2021, investigated through October 2021 and gave notice

7   on November 15, 2021. RJN Ex. 1. That is a lightspeed time to investigate a technical

8   computer issue and then provide notice to all those who are potentially affected.

9       It is fatal to this theory that Plaintiffs plead no injury caused by this supposed

10   "delay." Compl. ¶ 43. Plaintiffs are required "to allege that the damages flowed from

11   the delay, and not just that the damage flowed from the intrusion." *In re Sony Data*

12   *Sec. Breach Litig.*, 996 F. Supp. 2d 942, 1010 (S.D. Cal. 2014) ("*Sony II*") (granting

13   motion to dismiss and dismissing claim for same reasons with prejudice); *In re Adobe*

14   *Sys. Privacy Litig.*, 66 F. Supp. 3d 1197, 1218 (N.D. Cal. 2014) ("[B]y failing to

15   allege any injury resulting from a failure to provide reasonable notification of the

16   2013 data breach, Plaintiffs have not plausibly alleged that they have standing to

17   pursue a Section 1798.82 claim.").

18       Plaintiffs lack Article III standing to bring a claim for either damages or

19   injunctive relief because they cannot demonstrate a substantial or certainly impending

20   risk of future identity theft and concrete harm, and because they cannot *manufacture*

21   *standing by incurring costs in anticipation of non-imminent harm*. *Practicefirst* at

22   *27 (dismissing for same reasons).

23   _____

24   allegations regarding the value of their private information on [the] black market
     and how their private information diminished in value); *Pena v. British Airways*,

25   *PLC (UK)*, 2020 U.S. Dist. LEXIS 60361 at *3 (E.D.N.Y Mar. 30, 2020) (no injury

26   based on alleged diminution in value where plaintiff "had not alleged that he was
     offered or forewent any opportunity to profit from the sale of his personal

27   information"); *Fero*, 236 F. Supp. 3d at 735 (mere allegation that data "commands a

28   high price on the black market" is not sufficient to establish injury).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

8

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

**IV.    PLAINTIFFS' NEGLIGENCE CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.**

### A.    The Economic Loss Rule Bars the Negligence Claim.

Given that CPK was the primary victim of the attack, Plaintiffs try to bend the tort of negligence to this fact pattern. Plaintiffs fail to allege plausible facts to support the elements of a negligence claim, including (1) the existence of a duty of care; (2) breach of that duty; (3) causation; and (4) *damages. Paz v. State of Cal.*, 22 Cal. 4th 550, 559 (2000). Plaintiffs' negligence claim is based entirely on the fact that CPK was the victim of a criminal cyber-attack. Compl. ¶ 73.

California's economic loss doctrine generally bars recovery in negligence claims for economic damages "unless such damages are accompanied by some form of physical harm (i.e., personal injury or property damages)." *In re Sony Gaming Networks & Customer Data Sec. Breach Litig.*, 903 F. Supp. 2d 942, 961 (S.D. Cal. Oct. 11, 2012) ("*Sony I*") (citing *N. Am. Chem. Co. v. Super. Ct.*, 59 Cal. App. 4th 764, 777 (1997)). Liability for negligence is generally "limited to damages for physical injuries and recovery of economic loss is not allowed." *Id.* (citing *Aas v. Sup. Ct.*, 24 Cal. 4th 627, 636 (2000)). "In the absence of (1) personal injury, (2) physical damage to property, (3) a 'special relationship' existing between the parties, or (4) some other common law exception to the rule, recovery of purely economic loss is foreclosed." *Kalitta Air, L.L.C. v. Cent. Tex. Airborne Sys.*, 315 F. App'x 603, 605 (9th Cir. 2008) (citing *J'Aire Corp. v. Gregory*, 24 Cal. 3d 799 (1979)). Plaintiffs do not allege physical harm (i.e., personal injury or property damages). Their request to recover pure economic losses in negligence is thus foreclosed, as numerous state and federal courts have held.[6]

---

[6] *See, e.g.*, RJN Ex. 2, *Moore et al v Centerlake Med. Group, Inc.*, L.A. Sup. Ct No. 19SCV19196, at pp 15-18 (Nov. 10, 2020) (dismissing negligence and negligence per se claims because the economic loss rule precludes recovery); *Sony I*, 903 F. Supp. (footnote continued)

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### B.   Plaintiffs Fail to Establish CPK Owed Them a Duty of Care or a Duty of Care Under a Federal Consumer Statute.

*No common law duty*. No California state court has created a common-law duty to safeguard personal data and permit a negligence claim based on a third-party criminal attack. The California Supreme Court recently rejected creating a duty to guard against "purely economic losses" in another context. *S. Cal. Gas*, 7 Cal. 5th 391, 398 (2019) (no duty of a gas company that caused gas leak to guard against economic losses of businesses affected by leak). *S. Cal. Gas*'s reasoning shows why no duty exists here.

Economic losses are "pecuniary or commercial loss that does not arise from actionable *physical* …injury to persons or *physical* injury to property." *Id.* The court noted it only presumes a duty in "cases involving traditionally compensable forms of injury—like physical harm to person or property." *Id.* at 399. And "*liability in negligence for purely economic losses… is 'the exception, not the rule*." *Id.* at 400. No common-law duty exists such that CPK was required to guarantee it could not be attacked by ransomware criminals.

*No Duty under the FTC Act.* A federal consumer protection law cannot serve as the basis for a California negligence duty. No published California decision supports this, which is why Plaintiffs want to rewrite negligence law.

Plaintiffs allege CPK "had a duty to use reasonable security measures under Section A of the Federal Trade Commission Act." Compl. ¶ 71. Of course, "there is no private right of action under the Federal Trade Commission Act..." *Mazza v. Am.*

---

2d 942, 962 (S.D. Cal. 2012) (finding in data breach case that "Plaintiffs have failed to allege why the economic loss doctrine does not bar their negligence claim); *Dugas v. Starwood Hotels Inc.*, 2016 U.S. Dist. LEXIS 152838, at *26 (S.D. Cal., Nov. 3, 2016) (finding economic loss doctrine barred negligence claim because "Plaintiffs do not plead any individual or personal harm): *Castillo v. Seagate Tech.*, 2016 U.S. Dist. LEXIS 187428, at *19-20 (N.D. Cal. Sep. 14, 2016) (dismissing negligence claim in a data breach case in part because "the economic loss doctrine bars their claim").

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

10

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

1  *Honda Motor Co., Inc.*, 666 F.3d 581, 592 (9th Cir. 2012).

2    This Court and others have rejected the use of the FTCA to establish a

3  negligence duty.[7] Plaintiffs cite no authority which allows them to manufacture a

4  FTCA private right of action through a negligence claim. *See In re SuperValu, Inc.*,

5  925 F.3d 955, 963-64 (8th Cir. 2019) ("Congress empowered the Commission—and

6  the Commission alone—to enforce the FTCA. Implying a cause of action would be

7  inconsistent with Congress's anticipated enforcement scheme.…").

8    Just as problematically, Plaintiffs' do not allege what an FTCA duty would

9  entail. Section 5(a) of the FTC Act provides that "unfair or deceptive acts or practices

10 in or affecting commerce . . . are . . . declared unlawful." 15 U.S.C. § 45(a)(1).

11 Plaintiffs' invocation of Section 5 does not establish a specific and ascertainable

12 standard of conduct. Congress "intentionally left development of the term 'unfair' to

13 the [Federal Trade] Commission rather than attempting to define" any specific

14 practices. *Atl. Ref. Co. v. F.T.C.*, 381 U.S. 357, 367 (1965). Plaintiffs seem to argue

15 this standard of care should "include[e], as interpreted and enforced by the FTC, the

16 unfair practice of failing to use reasonable measures to protect confidential data."

17 Compl. ¶ 71. They cite no authority for this interpretation. Plaintiffs' vague reference

18 to the FTC guidance for businesses is far from authority. Compl. ¶ 20 n.4.

19   **C.   Plaintiffs Fail to Allege an Injury Proximately Caused by a Breach.**

20    Plaintiffs' injury claims are not plausibly alleged. Their theories of "diminution

21 in value and use of their PII," and "compromise, publication, and/or theft" of their PII

22

23 _____

   [7] *See Pica v. Delta Air Lines*, Inc., 2018 U.S. Dist. LEXIS 220836, at *25 (C.D. Cal.

24 Sep. 18, 2018) (California negligence per se claim was "barred because the FTC Act
   creates no private right of action."); *Veridian Credit Union v. Eddie Bauer, LLC,*

25 295 F. Supp. 3d 1140, 1158-59 (W.D. Wash. Nov. 9, 2017) (discussing the purpose
   of the FTC and finding it did not impose a duty for a negligence claim under

26 Washington law); *Cmty. Bank of Trenton v. Schnuck Mkts., Inc*., 210 F. Supp. 3d

27 1022, 1041 (S.D. Ill. 2016) (rejecting that the FTCA creates an enforceable
   negligence duty under Illinois law).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20
11
CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

are not cognizable damages. They do not plausibly allege their information was posted online or misused.  CPK offered one year of credit monitoring and insurance through Experian IdentityWorks. Compl. ¶ 47; RJN Ex. 1. Plaintiffs do not allege whether they even attempted to sign up for this free service. The fact that this service exists negates any claim of present injury. Compl. ¶ 47. Plaintiffs' claim rests on a theoretical future injury that has not occurred. *TransUnion*, 141 S. Ct. at 2200. The only reason Plaintiffs found out about this data-security event was CPK notice letter. Any effort at "mitigation" beyond signing up for this free service is just a way to manufacture an injury to drum up this suit.

## V.  NEGLIGENCE PER SE IS NOT A RECOGNIZED CLAIM IN CALIFORNIA.

In California, "negligence *per se* is not a separate cause of action but an evidentiary doctrine." *In re Solara Data Sec. Breach Litig.*, 2020 U.S. Dist. LEXIS 80736, at *13 (S.D. Cal. May 7, 2020) (dismissing the same independent negligence *per se* cause of action in a data-security case). Courts routinely dismiss independent negligence *per se* claims, as should be done here.[8]

## VI.  PLAINTIFFS INVASION OF PRIVACY CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiffs fail to meet the "high bar" for pleading an invasion of privacy claim. *Low v. LinkedIn Corp.*, 900 F. Supp. 2d 1010, 1025 (N.D. Cal. 2012). "Actionable invasions of privacy must be sufficiently serious in their nature, scope, and actual or potential impact to constitute an egregious breach of the social norms underlying the privacy right." *Hill v. Nat'l Collegiate Athletic Assn.*, 7 Cal. 4th 1, 37, (1994). Plaintiffs do not to allege a serious invasion of a protected privacy interest like an HIV-positive status. *Doe v. Beard*, 63 F. Supp. 3d 1159, 1170 (C.D. Cal. 2014).

---

[8] *See e.g., Somerville v. Medtronic, Inc.*, 2021 U.S. Dist. LEXIS 245439, at *34-35 (C.D. Cal. Aug. 19, 2021) (dismissing the negligence per se claim); *Mullinix v. Fertility*, 2021 U.S. Dist. LEXIS 206779, at *5 (C.D. Cal. Apr. 21, 2021) (same).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

12

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

Under California law, to adequately state a claim for invasion of privacy, a plaintiff must demonstrate: (1) a legally protected privacy interest; (2) a reasonable expectation of privacy under the circumstances; and (3) a serious invasion of the privacy interest. *In re iPhone Application Litig.*, 844 F. Supp. 2d at 1063 (citing *Hill*, 7 Cal. 4th 1, 35-37 (1994)). Plaintiffs offer no facts to establish conduct by CPK which constitutes "an egregious breach of the social norms." *Id.* Plaintiffs' conclusions of CPK "failing to protect" their data falls short.

Plaintiffs' own authority admits "invasion of privacy" is an *intentional* tort. Compl. ¶ 93 (citing Restatement (Second) of Torts § 652B (1977) ("One who *intentionally* intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.") (emphasis added). Plaintiffs' allegation that CPK was attacked by *third-party criminals* does not amount to an intentional intrusion by CPK. Courts faced with similar data breach scenarios have found such allegations insufficient.[9] Plaintiffs sued the wrong party.

CPK did not invade anyone's privacy. Plaintiffs offer only conclusions that make no sense. Compl. ¶ 95 ("By intentionally failing to keep Plaintiffs' and the Class Members' PII safe, and by intentionally misusing and/or disclosing said

---

[9] *See, e.g., Razuki v. Caliber Home Loans, Inc.*, 2018 U.S. Dist. LEXIS 96973, at *2 (S.D. Cal. Jun. 8, 2018) ("Losing personal data through insufficient security doesn't rise to the level of an egregious breach of social norms underlying the protection of sensitive data like social security numbers . . . [plaintiff's] allegations don't suggest the type of intentional, egregious privacy invasion contemplated in *Hill*."); *In re iPhone Litig.*, 844 F. Supp. 2d at 1063 (finding information disclosed to third parties, including unique device ID number, personal data, and geolocation, did not constitute an egregious breach of social norms); *Schmitt v. SN Servicing Corp.*, 2021 U.S. Dist. LEXIS 149252, at *23 (N.D. Cal. Aug. 9, 2021) (similar).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

13

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

information to unauthorized parties for unauthorized use. Defendant intentionally invaded Plaintiffs' and Class Members' privacy by intrusion."). They allege no affirmative act or misdeed by CPK. Nor do they offer *any* facts explaining how CPK allegedly misused their information. Likewise, Plaintiffs' allegation of disclosure is also unfounded. "California courts have found that the 'ordinary meaning' of the word 'disclosure' suggests it "occurs when the [defendant] *affirmatively shares*…information with another person or entity." *In re Ambry Genetics Data Breach Litig.*, 2021 U.S. Dist. LEXIS 204358 at *26 (C.D. Cal. Oct. 18, 2021) (emphasis added) (quoting *Sutter Health v. Superior Ct.*, 227 Cal. App. 4th 1546, 1555-56 (2014)). Plaintiffs have not alleged that CPK "affirmatively shared any information" or performed any act that gave hackers information. *Id*. The criminal attack on CPK's systems does not establish any affirmative act by CPK.

Plaintiffs allege "Defendant intentionally concealed…an incident that misused and/or disclosed their PII." Compl. ¶ 98. It is unclear how this allegation even relates to their claim. Plaintiffs admit CPK provided notice of the security incident in question on November 15, 2021. Ultimately, because Plaintiffs fail to establish any conduct by CPK constituting intent—let alone conduct amounting to a "serious invasion" of a protected privacy interest—the claim fails.

## VII.   PLAINTIFFS' BREACH OF IMPLIED-CONTRACT CLAIM MUST BE DISMISSED FOR FAILURE TO STATE A CLAIM.

Plaintiffs fail to plausibly allege the existence of an implied contract, let alone a breach. "An implied contract 'consists of obligations arising from a mutual agreement and intent to promise where the agreement and promise have not been expressed in words'." *Rosendahl v. Bridgeport Educ., Inc.*, 2011 U.S. Dist. LEXIS 119735, *21 (S.D. Cal., Oct. 17, 2011). A problem for plaintiffs is that because an *express* contract exists between these former CPK employees and CPK, the law does not recognize an implied contract. *Lance Camper Mfg. Corp. v. Republic Indem. Co.*, 44 Cal. App. 4th 194, 203 (1996) ("[i]t is well settled that an action based on an

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

14

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

1  implied-in-fact or quasi-contract cannot lie where there exists between the parties a

2  valid express contract covering the same subject matter."). Plaintiffs admit they

3  "entered into *written agreements* with Defendant ..." Compl. ¶ 41 (emphasis added).

4  This admission dooms their claim.

5          Even if this were not the case, "[a]n implied-in-fact contract requires proof of

6  the same elements necessary to evidence an express contract: mutual assent or offer

7  and acceptance, consideration, legal capacity and lawful subject matter." *Northstar*

8  *Advisors Inc. v. Schwab Investments*, 779 F.3d 1036, 1050-51 (9th Cir. 2015). To

9  show the formation of an implied contract requires showing "a meeting of the minds"

10  as seen through the parties' conduct. *Rosendahl*, 2011 U.S. Dist. LEXIS 119735 *21.

11          *No Specific Obligations Agreed to.* The claim fails because plaintiffs fail to

12  plausibly allege CPK agreed to *any* specific contract obligations whatsoever, let alone

13  anything beyond its "written agreement" with Plaintiffs. *See, e.g., Frezza v. Google,*

14  *Inc.*, 2012 U.S. Dist. LEXIS 166003, at *4 (N.D. Cal. Nov. 20, 2012) (rejecting

15  implied-contract claim where plaintiffs did not "sufficiently plead that Google agreed

16  to and then breached a specific obligation" to comply with data security standards).

17  Of course, no facts are alleged to demonstrate a meeting of the minds on a promise

18  that CPK's computer systems would never be breached. That is why courts regularly

19  dismiss these implied-contract claims in the data-incident cases like this one. *See*

20  *Lovell v. P.F. Chang's China Bistro, Inc.*, 2015 U.S. Dist. LEXIS 112101, *10-11

21  (W.D. Wash. Mar. 27, 2015) (dismissing a claim for breach of implied contract in a

22  data breach suit: "Plaintiff provides no evidence from which one could plausibly infer

23  that defendant intended to contractually bind itself to a general standard of reasonable

24  care or any particular cybersecurity standard or protocol… Plaintiff alleges no facts

25  suggesting that he requested or that defendant made additional promises regarding

26  loss prevention, and neither the circumstances nor common understanding give rise to

27  an inference that the parties mutually intended to bind defendant to specific

28  cybersecurity obligations.")

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

15

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

_No consideration_. Plaintiffs offer no facts as to the element of consideration. They do not allege how an exchange of PII for a promise to secure it constitutes a bargained-for exchange. Businesses are required to maintain employment records and would be unable to do so without receiving some PII from their prospective employees. Plaintiffs do not allege they disclosed anything more than that required PII for CPK to meet this statutory duty. Besides, any supposed promise by CPK to protect data would be barred by the preexisting-duty rule. _See_ Restatement 2d of Contracts § 73. And like the rest of their claims, Plaintiffs fail to plausibly allege both how the data incident caused them damages.

## VIII.  PLAINTIFFS LACK STANDING TO ASSERT NATIONWIDE CLASS CLAIMS.

Plaintiffs lack standing to bring claims based on laws of states in which they do not reside. Both plaintiffs are residents of California but seek to represent a multi-state class for alleged violations of laws of thirty-eight states (Sixth Cause of Action), and a nationwide class for negligence, negligence per se, invasion of privacy by intrusion, breach of implied contract, and declaratory relief. Compl. ¶¶ 66-111, 123-128, 152-165. "In _Easter [v. Am. W. Fin._, 381 F.3d 948, 962 (9th Cir. 2004)], the Ninth Circuit held that district courts can address 'the issue of standing before it addresse[s] the issue of class certification." _Schertzer v. Bank of Am., N.A._, 445 F. Supp. 3d 1058, 1072 (S.D. Cal. 2020). "Following _Easter_, there is a growing trend among courts … to address the issue of Article III standing at the pleading stage and dismiss claims asserted under laws of states in which no plaintiff resides or has purchased products." _Id._ (collecting cases). "In the absence of a named Plaintiff who has purchased a product within the relevant state… there can be no determination that an interest was harmed that was legally protected under the relevant state's laws." _In re Packaged Seafood Prods. Antitrust Litig._, 242 F. Supp. 3d 1033, 1095 (S.D. Cal. 2017). Thus, every claim based on violation of a state law without a representative plaintiff should be dismissed for lack of standing. _Azimpour v. Sears, Roebuck & Co._, 2017 U.S. Dist. LEXIS 63516, *28-31 (S.D. Cal. Apr. 26, 2017).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Even where courts may defer standing questions until class certification, "the standing inquiry can be addressed when Plaintiffs bring claims from states where they do not have a connection." *Stewart v. Kodiak Cakes, LLC*, 537 F. Supp. 3d 1103, 1124 (S.D. Cal. 2021) (citing *In re Carrier IQ, Inc., Consumer Privacy Litig.*, 78 F. Supp. 3d 1051, 1075 (N.D. Cal. 2015)). In *Stewart*, the named Plaintiffs resided in only eleven jurisdictions but raised claims from fifty-one. *Id.* at 1125. The court found "forty claims from jurisdictions without a named Plaintiff is vast when compared to the mere eleven claims from jurisdictions with a named Plaintiff," and refused to subject defendant "to the expense and burden of nationwide discovery" absent actual plaintiffs "willing and able to assert claims under these state laws." *Id.* As a result, the court dismissed all causes of action "under the laws of states where named Plaintiffs do not reside." *Id.*

Plaintiffs' claims for violations of laws of thirty-eight states in their Sixth Cause of Action is similarly vast compared to a single California claim. Plaintiffs fail to allege a connection to any of the thirty-seven jurisdictions where they do not reside. As in *Stewart*, Plaintiffs have no standing to maintain a nationwide claim.

## IX. PLAINTIFFS' "SIXTH CAUSE OF ACTION VIOLATION OF STATE DATA BREACH LAWS" IS NOT A COGNIZABLE CLAIM AND MUST BE STRICKEN.

Plaintiffs attempt to create a nationwide data-breach statute that does not exist with their "SIXTH CAUSE OF ACTION" by asserting a claim for violation of statutes of thirty-eight states. Compl. ¶ 127. This is not a cause of action under California or federal law. FRCP 8 and 10 do not permit alleging violations of separate laws in a single claim. *Swafford v. IBM*, 383 F. Supp. 3d 916, 932 n.4 (N.D. Cal. 2019) ("[L]umping all of these claims together into one cause of action is improper" under Rule 10); *Saling v. Royal*, 2015 U.S. Dist. LEXIS 120087, at *4 (E.D. Cal. Sept. 9, 2015) ("To the extent plaintiff is attempting to assert multiple causes of action in one count, they are to be separated into individual counts for each cause of action…"). Plaintiffs claim without citation that the consumer-protection

statutes are "materially identical." Compl. ¶ 125. This ignores precedent that individual states make different decisions about their state laws, which involves weighing competing state interests. *Mazza*, 666 F.3d at 591-93.

Each state's laws are separate causes of action. These California Plaintiffs lack standing to invoke the laws of states they do not reside in. At the very least, the laws of non-resident plaintiffs should be stricken.

## X.   PLAINTIFFS CUSTOMER RECORDS ACT CLAIM FAILS.

### A.   Plaintiffs Are Not "Customers" and Have No CRA Standing Claim.

The Customer Records Act ("CRA") was intended to protect customers. It defines a "customer" as "an individual who provides personal information to a business for the purpose of purchasing or leasing a product or obtaining a service from the business." Cal. Civ. Code 1798.80(c). Plaintiffs provided their information to CPK "as a condition of providing employment," and are not "customers" under the CRA. Compl. ¶ 104. The CRA only allows a "customer" to enforce a violation of the CRA. Cal Civ Code § 1798.84(b). These former employees cannot bring a claim.

### B.   Plaintiffs Have Not Plausibly Alleged an "Unreasonable Delay."

Only a month passed between when CPK learned Plaintiffs' "information could have been accessed during the event" (October 13) and when the notice letter was sent (November 15). Compl. ¶ 18 n.3; RJN Ex 1. Plaintiffs offer no facts in support of an argument that this was an "unreasonable delay." Cal. Civ. Code § 1798.82(a); *Sony II*, 996 F. Supp. 2d at 1010 (Plaintiffs must "allege that the damages *flowed from the delay*, and not just that the damage flowed from the intrusion.").

### C.   Plaintiffs Have Not Plausibly Alleged a  Failure to Implement "Reasonable Security Procedures."

Plaintiffs do not allege plausible facts showing CPK failed to adopt "reasonable security procedures." Cal Civ Code § 1798.81.5(b).  They do not allege CPK has been subject to a different data incident or any other complaints about security. They rely on conclusions. Compl. ¶¶ 133-37. That is why courts dismiss

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

18

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

1  CRA claims for failing to allege facts in support of their conclusions.[10]

2  **XI.   PLAINTIFFS CALIFORNIA CONSUMER PRIVACY ACT (CCPA) CLAIM FAILS**

3         The CCPA provides a private right of action in the limited circumstance where

4  a consumer's "personal information, as defined in subparagraph (A) of paragraph (1)

5  of subdivision (d) of Section 1798.81.5, is subject to an unauthorized access and

6  exfiltration, theft, or disclosure *as a result of the business's violation of the duty to*

7  *implement and maintain reasonable security procedures and practices*." Cal. Civ.

8  Code § 1798.150(a)(1) (emphasis added). Plaintiffs' provide legal conclusions that

9  the CCPA was violated. Compl. ¶ 148-149. Plaintiffs do not allege plausible facts in

10 support of these conclusions. *See Maag v. United States Bank*, 2021 U.S. Dist.

11 LEXIS 233009, at *4 (S.D. Cal. Apr. 8, 2021) (dismissing a CCPA claim where

12 Plaintiff "fail[ed] to allege any facts to support the notion that Defendant's security

13 was deficient" and made only "unsupported allegations that his PII was compromised

14 because Defendant did not 'implement and maintain reasonable security procedures

15 and practices,' 'failed to effectively monitor its systems for security vulnerabilities,'

16 and had 'lax security'. These conclusory allegations are alone insufficient to state a

17 CCPA claim."); *Griffey v. Magellan Health Inc.*, 2021 U.S. Dist. LEXIS 184591, at

18 *46 (D. Ariz. Sep. 27, 2021) (dismissing CCPA claim based on conclusory

19 allegations where Plaintiffs "did not allege sufficient facts to establish how or why

20 [defendant]'s systems were inadequate or unreasonable or how or why Magellan

21 knew or should have known its systems were inadequate or unreasonable.").

22

23  _____

    [10] *See, e.g., Anderson v. Kimpton Hotel & Rest. Grp., LLC*, 2019 WL 3753308, at *5
24  (N.D. Cal. Aug. 8, 2019) (dismissing California Customer Records Act (the
    "CCRA") claim because the plaintiffs "fail[ed] to allege any facts in support of their
25  conclusory allegation that" the defendant did not implement reasonable security
    protocols); *Razuki v. Caliber Home Loans, Inc.*, 2018 U.S. Dist. LEXIS 96973, at *2
26  (S.D. Cal. Jun. 8, 2018) (dismissing CCRA claim alleging security procedures did
27  not comply with industry standards absent factual allegations regarding how
    procedures were noncompliant).
28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20
19
CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

Although the CCPA has only been in effect a short while, courts in the Ninth Circuit have dismissed factually unsupported claims under similar statutes. *See* Anderson, 2019 WL 3753308, at *5 (dismissing a CRA claim for failing to allege facts); *Razuki*, 2018 WL 6018361, at *2 (same). Plaintiffs likewise offer no factual basis for alleged violations of the CCPA.

## XII. PLAINTIFFS' UCL CLAIM FAILS FOR NUMEROUS REASONS.

### A. Plaintiffs' Have not Alleged Any Economic Injury as a Result of CPK's Conduct to Satisfy the UCL's Standing Requirement.

"[T]o establish standing under the UCL, a plaintiff's claim must specifically involve lost money or property." *Dugas*, 2016 U.S. Dist. LEXIS 152838 at *34 (citing *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 323 (2011)). Plaintiffs do not plausibly allege such losses. Plaintiffs allege "the loss of the opportunity to control how their PII is used" as well as loss in value of their PII and "compromise, publication and/or theft" of their PII. Compl. ¶ 81. This is not a loss of "money or property" as required under the UCL.

Plaintiffs never mention or describe the economic value of their personal information. Numerous courts have held disclosure of personal information alone does not constitute economic or property loss sufficient to establish UCL standing.[11] Because Plaintiffs fail to present any allegations concerning the economic value of the personal information , Plaintiffs have no standing to bring a UCL claim.

---

[11] *See, e.g., In re Yahoo! Inc. Data Sec. Breach Litig.*, 2017 U.S. Dist. LEXIS 140212, at *22 (N.D. Cal. Aug. 30, 2017) (no UCL standing where victims of data breach failed to allege specific benefit-of-the-bargain losses or out-of-pocket expenses); *In re Facebook Privacy Litig.*, 791 F. Supp. 2d 705, 714 (N.D. Cal. 2011), aff'd 572 F. App'x 494 (9th Cir. 2014) ("A plaintiff's 'personal information does not constitute property under the UCL."); *Archer v. United Rentals, Inc.*, 195 Cal. App. 4th 807, 816 (2d Dist. 2011) (dismissing UCL invasion of privacy claim because "plaintiffs have failed to demonstrate how . . . unlawful collection and recordation of personal information . . . translates into a loss of money or property"); *Mastel v. Miniclip*, 2021 U.S. Dist. LEXIS 132401, *32 (E.D. Cal. July 14, 2021).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20
20
CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

They allege they could face future risks (Compl. ¶ 81, 91), but speculative future harm is insufficient for UCL purposes. *In re Yahoo!*, 2017 U.S. Dist. LEXIS 140212 at *94-95. They allege their "injuries" were compounded from the delay in notice (Compl. ¶ 42) but this is unsupported by fact. They provide no plausible facts of out-of-pocket expenses incurred. Time and money spent trying to mitigate speculative future harm is not sufficient. *TransUnion*, 141 S. Ct. at 2211; *In re Yahoo!*, 2017 U.S. Dist. LEXIS 140212 at *91-93; *Ables*, 2018 U.S. Dist. LEXIS 154681 at *17-19 (finding similar claims insufficient even for Article III standing).

Plaintiffs lack standing because they fail to allege any actual lost money or property. This is not a consumer case who were ripped off.  Plaintiffs are former employees who worked at CPK.

**B.      Plaintiffs Have Not and Could Never Allege a UCL Fraudulent Prong Claim Because CPK Was the Victim of the Attack.**

Federal Rule of Civil Procedure 9(b) applies to claims "sounding in fraud" and requires "the who, what, when, where, and how" to be pled with particularity. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009). Plaintiffs' UCL claim attempts to allege a fraudulent course of conduct and thus sound in fraud. Compl. ¶ 115(g)-(h); *Kearns*, 567 F.3d at 1124-25. Plaintiffs fail to meet their burden to establish fraud. The facts are that CPK was attacked. There is no consumer transaction here.

*Plaintiffs Allege No "Fraudulent" Misrepresentations*. Fraudulent misrepresentation requires that Plaintiffs were "exposed to the particular representation claimed to be deceptive." *Sony II*, 996 F. Supp. 2d at 989. "This requires the plaintiff to identify the time, place, and content of the alleged fraudulent misrepresentation; the identity of the person engaged in the fraud; and the circumstances indicating falseness…" *Id*. Plaintiffs' fact-free conclusions do not come close. Plaintiffs cannot identify a single actual representation that CPK made; there is none. Compl. ¶ 115. Even if Plaintiffs could allege a representation, they

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   cannot allege they were exposed to it and relied on it. *Sony I*, 996 F. Supp. 2d at 989.

2       Plaintiffs' next throw-in claim is that there was some duty to disclose CPK's

3   data security. Compl. ¶ 115. First, Plaintiffs do not allege when this purported non-

4   disclosure took place or even whether it occurred during their employment. Even so,

5   there was no duty to disclose.

6       To state a claim for a fraudulent omission, plaintiffs must allege either (1)

7   defendant made an affirmative representation that is the opposite of the alleged

8   omission, or (2) the defendant had a duty to disclose the alleged omission. *Sony II*,

9   996 F. Supp. 2d at 990. A duty to disclose may exist when the defendant: (1) has a

10  fiduciary relationship with the plaintiff; (2) *knows* material facts the plaintiff could

11  not know; (3) "actively conceals a material fact from the plaintiff;" or (4) suppresses

12  a material fact after making a partial representation.  *Id.*

13      <u>*Plaintiffs Fail to Plead Knowledge.*</u> Plaintiffs offer no facts to support that

14  CPK was aware of any flaw or inadequacy in their security system prior to the

15  security incident. Thus, Plaintiffs must instead plead that CPK had a duty to disclose,

16  but they  plead no facts demonstrating a duty. *Sony I*, 996 F. Supp. 2d at 990. CPK

17  was not in a fiduciary relationship with Plaintiffs. *Glenwood Sys. v. Thirugnanam*,

18  2012 U.S. Dist. LEXIS 208284, at *14 (C.D. Cal. May 15, 2012) (finding employees

19  and non-director employers were not fiduciaries). There are no facts showing CPK

20  knew of a weakness in its security system, let alone concealed information.

21      Fraudulent omission claims require actual reliance by the plaintiff. *Daniel v.*

22  *Ford Motor Co.*, 806 F.3d 1217, 1225 (9th Cir. 2015). Reliance requires showing that

23  "had the omitted information been disclosed, one would have been aware of it and

24  behaved differently." *Id*.  Plaintiffs' conclusory statements, devoid of facts, are

25  insufficient to support any of this fraud-based claim.

26  **C.   Plaintiffs Have Not Adequately Alleged a Claim Under the UCL
        Unlawful Prong.**

27

28  Plaintiffs' unlawful-prong allegations are equally flawed. Plaintiffs make no

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

plausible claim that any statute was violated. The CCPA expressly states it cannot be the "basis of a private right of action under any other law." Cal. Civ. Code 1798.150(c); *Silver v. Stripe Inc.*, 2021 U.S. Dist. LEXIS 141090, at *19 (N.D. Cal. July 28, 2021) (dismissing a UCL unlawful claim predicated on CCPA violation). The FTCA similarly "does not provide individuals with a private right of action" and cannot be used as a predicate for a UCL claim. *Nelson v. Am. Home Mortg. Servicing Inc.*, 2010 U.S. Dist. LEXIS 88653, at *2 (C.D. Cal. July 29, 2020).[12] Plaintiffs CRA basis also fails because they are not customers. *See Razuki*, 2018 U.S. Dist. LEXIS 196070, at *7 (finding a failed CRA claim cannot serve as the basis of a UCL claim).

### D. Plaintiffs' UCL Unfair-Prong Claim Is Devoid of Supporting Facts.

The unfair-prong claim fails because it overlaps entirely with the insufficient allegations addressed in the other prongs. *Hadley v. Kellogg Sales Co.*, 243 F. Supp. 3d 1074, 1104- 05 (N.D. Cal. 2017) ("where the unfair business practices alleged under the unfair prong of the UCL overlap entirely with the business practices addressed in the fraudulent and unlawful prongs of the UCL, the unfair prong of the UCL cannot survive if the claims under the other two prongs of the UCL do not survive."); *BMA LLC*, 2021 U.S. Dist. LEXIS 169327, at *45. ("Plaintiffs' claims under the "unfair" and "fraudulent practices" likewise fail because they are entirely dependent on the insufficient allegations discussed above.").

California courts split on what test to apply to determine if a practice is unfair under the UCL. *Davis v. HSBC Bank*, 691 F.3d 1152, 1169-70 (9th Cir. 2012). Regardless of the test, Plaintiffs allege nothing to suggest how it is "unfair" for a

---

[12] *See also* Schmitt, 2021 U.S. Dist. LEXIS 149252, at *10 (finding "plaintiffs cannot predicate their UCL claim on the FTC Act"); *O'Donnell v. Bank of Am. N.A.*, 504 Fed. App'x 566, 568 (9th Cir. 2013) (Plaintiffs cannot use the UCL to "engineer" a cause of action under the FTCA); *Seaton v. Mayberg*, 610 F.3d 530, 533 (9th Cir. 2010); *BMA LLC v. HDR Ltd.*, 2021 U.S. Dist. LEXIS 169327, at *45 (N.D. Cal. Sep. 7, 2021) (dismissing UCL claim based on an FTCA violation).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20
23
CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

company to be a victim of a cyber-attack and then sued as a result. They argue CPK's security policies are "contrary to legislatively declared public policy." Compl. ¶ 115. Yet, they provide no supporting facts as to how CPK's security is at odds with any stated policy. No policy requires a company to guarantee it cannot be attacked.

The Ninth Circuit has rejected unfair-prong claims like here based on a *"very general allegation." Levitt v. Yelp! Inc.*, 765 F.3d 1123 1136-37 (9th Cir. 2014); *see also Patterson v. RW Direct, Inc.*, 382 F. Supp. 3d 938, 940 n.1 (N.D. Cal. 2019) (dismissing a UCL unfair claim with prejudice because "it was insufficient for [plaintiff] simply to state that 'it offends public policy to permit corporations like Defendants to sell defective products …"). Suits allowed to proceed with unfairness claims invoke an immediate, visceral sense of punishable unfairness. *See, e.g.*, *Jolley v. Chase Home Finance, LLC*, 213 Cal. App. 4th 872, 907 (2013) (allegation of bank practice of "dual tracking"—agreeing to a loan modification while continuing to pursue foreclosure—states an unfair practice). The opposite is true here. Plaintiffs cannot "simply impose their own notions of the day as to what is fair or unfair." *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Co.*, 20 Cal. 4th 163, 182 (1999).

### E.    Plaintiffs Have Not Plausibly Alleged Facts Showing a Lack of an Adequate Legal Remedy.

Remedies under the UCL are limited to restitution and injunctive relief, and do not include damages. *In re Ambry Genetics*, 2021 U.S. Dist. LEXIS 204358, at *27; *Silvercrest Realty, Inc. v. Great Am. E&S Ins. Co.*, 2012 U.S. Dist. LEXIS 201805 at *2 (C.D. Cal. Apr. 4, 2012). A plaintiff "must establish that she lacks an adequate remedy at law before securing equitable restitution for past harm under the UCL." *Sonner v. Premier Nutrition Corp.*, 971 F.3d 834, 844-5 (9th Cir. 2020) (dismissing UCL claim "when a plain, adequate, and complete remedy exists at law"). Plaintiffs have not alleged an inadequate remedy at law, nor pled facts from which this may be inferred. Their UCL claim contains no injury for which they do not already seek legal relief elsewhere in the complaint.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4872-5857-3580.20

24

CALIFORNIA PIZZA KITCHEN, INC.'S MOTION TO DISMISS PLAINTIFFS' CLASS ACTION COMPLAINT

1  **XIII.  DECLARATORY RELIEF IS NOT A CLAIM AND SHOULD BE DISMISSED.**

2          The Federal Declaratory Judgment Act allows a federal district court to

3  "declare the rights and other legal relations of any interested party seeking such

4  declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

5  Declaratory relief is not a separate cause of action but rather a means through which a

6  court can grant relief *not otherwise available* in the underlying cause of action.

7  *Gonzalez v. Sallie Mae Bank,* 2019 U.S. Dist. LEXIS 157007, *8 (S.D. Cal., Sept. 12,

8  2019) (citing *Skelly Oil Co. v Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950)).

9  "A claim for declaratory relief cannot survive independently of other valid claims."

10  *Id.* The plaintiffs' declaratory relief claim is not a separate claim and is duplicative.[13]

11  **XIV.  CONCLUSION**

12          Plaintiffs fail to plausibly allege a concrete injury. They fail to allege facts

13  sufficient to plead any claim, and thus all their claims should be dismissed.

14

15  DATE:  February 7, 2022          LEWIS BRISBOIS BISGAARD & SMITH LLP

16

17                                  By: _____

18                                  JON P. KARDASSAKIS

19                                  MICHAEL K. GRIMALDI

20                                  Attorneys for Defendant

                                    California Pizza Kitchen, Inc.

21

22  _____

23  [13] *See e.g., Kho v. Wells Fargo & Co.*, 2012 U.S. Dist. LEXIS 110957, at *9 (C.D.
    Cal. Aug. 6, 2012) (dismissing declaratory relief claim because it was "entirely

24  duplicative" of plaintiff's other claims and there was "no reason to believe
    declaratory judgment will resolve any issues aside from those already addressed by

25  the substantive claims."); *Reyes v. Nationstar Mortg. LLC*, 2015 U.S. Dist. LEXIS
    99201 at *7 (N.D. Cal. July 28, 2015) (where determining an underlying claim

26  "resolve[s] any question regarding interpretation… there is no need for declaratory

27  relief."); *Mesa v. Am. Gen. Life Ins. Co.*, 2020 U.S. Dist. LEXIS 12002 at *21 (E.D.
    Cal. Jan. 22, 2020) (same).

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW